SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOLORES CORPUZ,<br><br>Plaintiff,<br><br>v.<br><br>USA VEIN CLINICS, INC.,<br><br>Defendant. | Case No. 2:21-cv-06848<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes DOLORES CORPUZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of USA VEIN CLINICS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as

the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Van Nuys, California, which is located within the Central District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a clinical treatment provider for vein disease, among others, with locations from coast to coast[1] and with headquarters at 304 Wainwright Drive, Suite 130, Northbrook, IL 60062. It claims that "[its] patients always come first."[2] Defendant operates multiple clinics in the state of California. This action concerns the location at 800 S. Central Ste. 305A, Glendale, CA 91204 (the "Glendale location").

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempts to collect upon a medical debt ("subject debt") Plaintiff allegedly owed.

---

[1] https://www.usaveinclinics.com/locations/
[2] https://www.usaveinclinics.com/vein-center-about/mission-vision-commitment/

10. On or about October 2, 2020, Plaintiff received medical treatment at Defendant's Glendale location.

11. Upon information and belief, the cost of Plaintiff's medical treatment was covered by her insurance.

12. Nevertheless, Defendant placed Plaintiff's account in collections and began collecting upon an alleged outstanding balance ("subject debt") for the medical services rendered on October 2, 2020.

13. Approximately in November, 2020, Defendant began constantly contacting Plaintiff to collect on the subject debt including through emails and through calls and texts to her cellular phone (714) XXX-0039.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone ending in -0039. Plaintiff is and always has been financially responsible for the cellular telephone and its services.

15. Defendant has used a variety of numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to (323) 798-1800, (847) 272-7896, (847) 354-4427, and (847) 593-8460, but upon belief, Defendant has used other numbers as well.

16. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers to reach consumers to collect debt.

17. Upon speaking with Defendant, Plaintiff advised that her insurance covered the services she received.

18. In order to support her position, Plaintiff also provided the approval letter to Defendant.

19. In addition, Plaintiff demanded that Defendant cease contacting her.

20. Rather than complying, Defendant continued its calling and texting campaign to Plaintiff's cellular phone regarding the subject debt.

21. Plaintiff received multiple pre-recorded texts from Defendant collecting on the subject debt.

22. The text messages in English typically read as follows:

**"Your statement from USA Vein Clinics is ready. Please click [URL] to view."**

23. Even though Plaintiff is not a Spanish speaker, Defendant has also sent her texts in Spanish believed to be associated with the subject debt.

24. Coupled with the texts, Defendant sent frequent emails to Plaintiff to collect on the subject debt.

25. As such, Defendant willfully ignored Plaintiff's cease and desist demands.

26. Plaintiff has received numerous phone calls, texts, and emails from Defendant since demanding that Defendant stop contacting her, with such calls continuing through the present.

27. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in exhausting time and resources.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection communications, emotional distress in the very least associated with being haunted for an alleged and substantial debt amount, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used pre-recorded text messages to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

33. Defendant violated the TCPA by sending these texts to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the alleged subject debt was explicitly revoked by Plaintiff's cease and desist demand.

34. The texts Defendant sent to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call/text. Moreover, Defendant's willful and knowing violations of the TCPA should trigger the Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff DOLORES CORPUZ respectfully requests that this Honorable Court enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff damages of at least $500.00 per phone call/text and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

 c. Awarding Plaintiff costs and reasonable attorney fees;

 d. Enjoining Defendant from further contacting Plaintiff for payment of the bill; and

e. Awarding any other relief as the Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

    **i. Violations of the FDCPA § 1692c and § 1692d**

41. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

42. Defendant violated §§ 1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone on a systematic basis in spite of her demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

43. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

44. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

46. Furthermore, Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it did not.

### iii. Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

7

49. Defendant willfully and knowingly violated the RFDCPA. Defendant continued to call Plaintiff's cellular phone after Plaintiff specifically asked it to stop contacting her. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

50. As plead above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DOLORES CORPUZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: August 25, 2021                Respectfully submitted,

By: /s/ Alejandro E. Figueroa
SULAIMAN LAW GROUP, LTD.
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
*Attorney for Plaintiff*